**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6124**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CARLTON BRONTA MAY,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:08-cr-00331-FL-1; 5:12-cv-438-FL)

Submitted: May 29, 2018                       Decided: August 6, 2018

Before GREGORY, Chief Judge, KEENAN, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Carlton Bronta May, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlton Bronta May appeals the district court's order construing his Fed. R. Civ. P. 60(b) motion as an unauthorized, successive 28 U.S.C. § 2255 (2012) motion and dismissing it for lack of jurisdiction.[*] Our review of the record confirms that the district court properly concluded that May's motion was not a true Rule 60(b) motion but was, in substance, a successive § 2255 motion, over which it lacked jurisdiction because May failed to obtain prefiling authorization from this court. *See* 28 U.S.C. § 2244(b)(3)(A) (2012); *McRae*, 793 F.3d at 397-400. Accordingly, we affirm the district court's order.

Additionally, we construe May's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). May's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

---

[*] A certificate of appealability is not required to appeal the district court's jurisdictional categorization of a "Rule 60(b) motion as an unauthorized successive [§ 2255 motion]." *United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015).

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*